**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**CHELSEA L. DAVIS**

v.

**SOUTHERN METHODIST UNIVERSITY;**
**SMU DEDMAN SCHOOL OF LAW;**
**JOHN ATTANASIO;**
**DAVID C. GODBEY**

NO. _____

---

**FEDERAL SEX TRAFFICKING COMPLAINT**

Neither the doctrine of res judicata nor any law, rule or alleged order should bar me,

Chelsea L. Davis (hereinafter referred to as "Chelsea Davis") from filing this FEDERAL SEX

TRAFFICKING COMPLAINT as a victim of human trafficking and from litigating the asserted

claims and causes of action against Southern Methodist University (hereinafter referred to as

"SMU"), SMU Dedman School of Law, John Attanasio and David C. Godbey.  This document is

to be considered as a whole.  If I am permitted to maintain this action in this Court, if this Court

has exclusive jurisdiction and/or if the State Bar of Texas, through the Board of Disciplinary

Appeals, does not have the authority to transfer this action to itself, then I request this Court to

enter an order to that effect.  This instrument seeks to first file the claim of Federal Human

Trafficking for Sex against Southern Methodist University, SMU Dedman School of Law, John

Attanasio and David C. Godbey. I object to consolidation and present additional objections and

defenses and incorporate by reference herein my objections and defenses subsequently attached

**FEDERAL SEX TRAFFICKING COMPLAINT**                                    1

hereto and included herein.

## PERSONS TO BECOME PARTIES UPON SERVICE

I, Chelsea L. Davis, file this Complaint against Southern Methodist University, SMU Dedman School of Law, John Attanasio and David C. Godbey, each of whom reside in or maintain a principal office in Dallas County, Texas and will become Defendants upon service or waiver thereof.

## JURISDICTION AND VENUE

I introduce facts in this section entitled "Jurisdiction and Venue" for the limited purpose of establishing jurisdiction in the event that this Court rejects application of the abstention doctrine in *Chelsea L. Davis v. McKool Smith P.C. et al,* No. 3:14-cv-4190-B (N.D. Tex. filed Nov. 24, 2014). No court appears to have continuing, exclusive jurisdiction except that the Federal courts may have exclusive jurisdiction under 28 U.S.C. 1251 because Harlan R. Crow, Honorary Consul to Denmark, is a witness.  I do not waive any arguments or objections as to jurisdiction and venue, even on any civil cover sheet, and make no admissions.

Any attachments to this instrument if made are incorporated by reference herein and appear may be transferred to this Court from the Northern District of Texas, Judicial District Courts of Dallas and Collin Counties, and/or the District Grievance Committee or Board of Disciplinary Appeals, if possible, although the procedural history may be unclear due to what appears to be a lack of acts, proceedings or court records in state courts or agencies or other reason, and my objections are incorporated by reference herein in attached objections, which may be attached later.  Discovery is to be conducted until it is completed, subject to any application for discovery protective order that I may desire to file to prevent Harlan R. Crow and

others, including the Board of Disciplinary Appeals, from destroying evidence.  I move to open a discovery period which may have been stayed on Nov. 6, 2013.

Harlan Crow as Honorary Consul to Denmark trades in pornography and child pornography in his official capacity and against the public interest, welfare and safety of his female lawyer victims and other victims.  I am a United States Patent Attorney acting under color of my federal office with regard to my duty of disclosure to disclose Harlan Crow's fraud on the United States Patent and Trademark Office committed by financing the filing of patent applications seeking to patent illegal processes and methods of modifying and distributing child pornography.  Accordingly, the United States may be a party.

This instrument includes claims which raise a federal question pursuant to federal anti-human trafficking laws for sex trafficking at 18 U.S.C. §§ 1581-94 which affects interstate commerce.  I was also trafficked by Leslie Ware to engage in sexual conduct in California and in a private plane.

It would be unwise in a case of this nature to accord res judicata effect to any state court judgment, especially where the state court's restrictions on discovery cast into significant doubt the reliability of any state court's factual determinations.  *Key v. Wise*, 629 F.2d 1049, 1066 (5th Cir. Miss. 1980).  The doctrine of res judicata, "as a rule of public policy, must be watched in its application lest a blind adherence to it tend to defeat the even firmer established policy of giving every litigant a full and fair day in court," which I have not yet had. *Lyons v. Westinghouse Electric Corp.*, 222 F.2d 184, 189 (2nd Cir. N.Y. 1955).

I petition for a writ of certiorari or other relief directing the district court to vacate the stay on the merits for the limited purpose of this case proceeding in this Court and to stay state

court proceedings, if any, and any other state proceedings, if any, for example, with regard to any disciplinary and disability matters which petition is by me as plaintiff against Harlan R. Crow for state-law trafficking of persons for sex. This Court is not prohibited by the anti-injunction act from entertaining a motion to vacate a fraudulent state court judgment, which motion is incorporated herein by reference and deemed timely attached herein if later attached.

This instrument presents the question, which may be certified to the United States Supreme Court, whether a federal court is without power to stay proceedings, in deference to a contemporaneous state action, where the federal courts may have exclusive jurisdiction over the issue presented, especially where, as here, the State Bar of Texas, through the Board of Disciplinary Appeals, appears to have instituted a disability matter against me as a means of unlawful retaliation against me for filing a complaint against the State Bar of Texas in the United States District Court for the Northern District of Texas and for advocating my civil and constitutional rights, even though I clearly am not suffering from any disability and the Board of Disciplinary Appeals appears to lack subject matter jurisdiction because the Chief Disciplinary Counsel failed to meet its burden of showing a reasonable belief that I am suffering from a disability to the extent required by the Texas Rules of Disciplinary Procedure. However, the Board of Disciplinary Appeals appears to have denied my plea to the jurisdiction. Thus the state court or other "action" I seek to enjoin is that taken in retaliation to me filing a federal complaint against against Honorary Consul Harlan R. Crow for human trafficking.

The State of Texas receives enormous amounts of money from its share of patent litigation revenues from McKool Smith P.C.'s patent litigation made possible, in part, due to financing by its Department of Health and Human Services, federal grant money, and Harlan R.

Crow through Leslie D. Ware's fund, etc.  The State Bar of Texas, the State of Texas and each of named defendants has a financial incentive for concealing fraud on the patent office, conflicts of interest in violation of federal rules governing patent attorneys and judges and my causes of action.

Southern Methodist University and SMU Dedman School of Law receives enormous amounts of money from patent litigation revenues from McKool Smith P.C.'s patent litigation made possible, in part, due to financing by federal grant money, and from Harlan R. Crow through donations (of at least $500,000 since 2010) and from Leslie D. Ware through donations (of at least $1,000,000 since 2010). Southern Methodist University, SMU Dedman School of Law, John Attanasio (former dean of the law school) and David C. Godbey have a financial incentive for concealing fraud on the patent office, conflicts of interest in violation of federal rules governing patent attorneys and judges and my causes of action.

Fraud at least on the patent office (and at least tax avoidance as against interstate commerce) is committed when McKool Smith P.C., through its patent litigation, and human trafficking and pornography operations, benefits its non-lawyer financiers, judges, Honorary Consul Harlan Crow, jurors, and the state and other governments and funnels state and federal grant money, foreign money and other money through non-profit and real estate investment entities.  Fraud on the patent office is also committed when McKool Smith P.C. represents a client who is on both sides of patent litigation. For example, Ericsson Inc. is on both sides of a deal when it creates a foreign shell entity with others to sue itself for patent infringement solely to push domestic profits offshore and avoid corporate tax in the United States.  I seek to introduce evidence of fraud on the patent office in the form of a text message from Samuel

Baxter stating that he stole $4.5 million on a dead patent and discovery of the funds managed by Leslie Ware, profit disbursement by McKool Smith P.C. and its "investment" entities including GECESP Associates LLC and the non-profit Southern Methodist University, SMU Dedman School of Law, CASA of Harrrison County, Texas, the State of Texas's Department of Health and Human Services and the State Bar of Texas.

Under 28 U.S.C. Sec. 1442(a), "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Without waiving my right to contest the commencement and pendency of a proceeding in state court due to the preliminary anti-suit injunction or stage of the undercover investigation which cannot be a case, I may remove the thing to the extent it is alleged to be a civil action or criminal prosecution because I am an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. Sec. 1442(a)(1).  I may also be "property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States"; and/or "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."*Id.*

I am a person acting under the United States, its agencies or its officers that has been sued for or relating to any act under color of such office on Aug. 30, 2011 and has a colorable federal defense to the counter/intervenor plaintiff's claim(s), if any. Because I assert a colorable government contractor defense, a federal Court might obtain federal subject matter jurisdiction.

**FEDERAL SEX TRAFFICKING COMPLAINT**          6

*See State of La. v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so.").

Under 28 U.S.C. Sec. 1443, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)  Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.*

To gain removal to federal court under 28 USCS § 1443(1) defendant must show both that (1) right allegedly denied arises under federal law providing for specific rights stated in terms of racially equality; and (2) removal petitioner is denied or cannot enforce specified federal rights in state courts due to some formal expression of state law. *Texas v Gulf Water Benefaction Co.* (1982, CA5 Tex) 679 F2d 85.

Where no civil rights violations were alleged nor any equal protection claims made in party's complaint in state court, such allegations made for first time in removal petition cannot support removal of case on federal question grounds, but I alleged the civil rights violations and equal protection claims in my complaints incorporated herein by reference to the extent they may be removed and are later attached hereto before the state court, evidentiary panel and/or Board of

Disciplinary Appeals.  The 28 U.S.C.S. § 1367 exceptions to supplemental jurisdiction do not apply to the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq.

I have a duty of disclosure as U.S. Patent Attorney which gives rise to a federal defense to the extent any allegations have been made especially where I engaged in particular conduct to comply with this USPTO Rule regarding disclosure. All decisions made by the Office in patent and trademark matters affect the public interest.  *See Lear, Inc. v. Adkins*, 395 U.S. 653 (1969). N.C. Ethics Op. 2005-9 (2006) (lawyer for public company may reveal confidential information about corporate misconduct to SEC under permissive-disclosure regulation authorized by Sarbanes-Oxley Act, even if disclosure would otherwise be prohibited by state's ethics rules). Additionally, Section 11.106(c) states that "[a] practitioner shall disclose to the Office information necessary to comply with applicable duty of disclosure provisions" and is provided to make clear that the duty of disclosure is mandatory, not optional.  Section 11.106(c) merely continues the current duty of disclosure provision set forth in 37 CFR 10.23(c)(10).  *See, e.g.,* Manual of Patent Examining Procedure, 8th Ed., Rev. 9 (Aug. 2012) Ch. 2000.  While paragraph (c) does not impose a new requirement, the express provision may be helpful in responding to any allegation of an ethical violation before a State bar in a situation where the practitioner engaged in particular conduct to comply with this USPTO Rule. *See Changes to Representation of Others Before The United States Patent and Trademark Office, 78 FR 20179.* See, e.g., 37 CFR 1.56, 1.555(a), 1.740(a)(13), 1.765(c) and (d), 1.933(a), Manual of Patent Examining Procedure, 8th Ed., Rev. 9 (Aug. 2012) Ch. 2000; see also 37 CFR 10.23(c)(10).  See 37 CFR 11.34(d) (disciplinary complaints are to be filed within one year after the date on which the OED Director receives a grievance forming the basis of the complaint). Section 11.104 addresses the

practitioner's duty to communicate with the client.  This rule corresponds to ABA Model Rule 1.4.  As in § 10.23(c)(8), under this rule a practitioner should not fail to timely and adequately inform a client or former client of correspondence received from the Office in a proceeding before the Office or from the client's or former client's opponent in an inter partes proceeding before the Office when the correspondence (i) could have a significant effect on a matter pending before the Office; (ii) is received by the practitioner on behalf of a client or former client; and (iii) is correspondence of which a reasonable practitioner would believe under the circumstances the client or former client should be notified.  Section 11.106(b)(3) states that a practitioner may reveal information relating to the representation of a client to the extent the practitioner reasonably believes necessary to prevent, mitigate, or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from inequitable conduct before the Office.  Section 11.107 prohibits a practitioner from representing a client if the representation involves a concurrent conflict of interest.  This rule corresponds to ABA Model Rule 1.7.  *See also* 37 CFR 10.66.

I must disclose Samuel Baxter's conflicts of interest because I have a duty of disclosure as a U.S. Patent Attorney.  Section 11.108 addresses conflicts of interest for current clients and specific rules, including rules regarding practitioners entering into business transactions with clients, the use of information by a practitioner relating to representation of a client, gifts between the practitioner and a client, literary rights based on information relating to representation of a client, a practitioner's provision of financial assistance to the client, compensation for services by a third party, aggregate settlement of claims where the practitioner represents two or more clients in a similar matter, agreements between the client and practitioner

limiting liability of the practitioner, and the practitioner's acquiring a proprietary interest in the matter. This rule corresponds to ABA Model Rule 1.8. <u>Section 11.108(e)</u> provides that a practitioner shall not provide financial assistance to a client in connection with pending or contemplated litigation or proceeding before the Office, except that a practitioner may advance court or tribunal costs and expenses of litigation. <u>Section 11.112</u> provides specific rules regarding the imputation of conflicts of interest for practitioners who are former judges, arbitrators, mediators or third-party neutrals. This rule corresponds to ABA Model Rule 1.12. The practitioner's responsibility to present the client's case with persuasive force is qualified by the practitioner's duty of candor to the tribunal. *See Lipman v. Dickinson*, 174 F.3d 1363 (Fed. Cir. 1999).

Even after an action was dismissed, so long as there was time to insist on reconsideration or appellate review, it continued to be an action brought to redress a private right. The state-court dismissal did not extinguish the case or controversy. So long as there existed issues to be resolved at some level of judicial review, there existed a case or controversy and a basis for federal jurisdiction. *Nieto v. Univ. of New Mexico,* 727 F. Supp. 2d 1176, 1179 (D.N.M. 2010). A defendant may remove any civil action brought in a State court of which the district courts of the United States have original jurisdiction to the district court of the United States for the district and division embracing the place where such action is pending. <u>28 U.S.C.S. § 1441(a)</u>.

The statutes governing procedures for removal appear to require only: (i) an existing civil action, <u>28 U.S.C.S. §§ 1441, 1446(a),(b)</u>; (ii) over which the federal district court has original jurisdiction, <u>28 U.S.C.S. § 1441(a)</u>; and (iii) that the defendant file a notice of removal within thirty days of receipt of service, <u>28 U.S.C.S. § 1446(b)</u>. There is no express requirement that the

removal occur at any particular stage of the adjudicatory process.

To satisfy Article III's core justiciability requirements, a plaintiff must have standing, his or her claims must not be moot, and his or her claims must be ripe. To have standing, a plaintiff must show: (i) that he or she has suffered an injury in fact -- an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (ii) that there is a fairly traceable causal connection between the injury and the defendant's conduct complained of; and (iii) that it is likely that a favorable decision will redress the injury.  I have made such a showing because I have suffered damages in fact, including physical injuries including acquiring incurable sexual transmitted disease, seventy five days in jail where I was punched in the face twice by inmates, and an imminent threat is being made against me to put me in jail again for no legitimate reason and to take away my law license (which is a vested property interest) and to destroy my evidence without cause or even a reasonable basis or belief of misconduct or disability; there is a causal connection between McKool Smith P.C.'s retaliation against me and conspiracy to disbar me and the injury complained of; and a favorable decision to will redress the injury and prevent me from being disbarred for no legitimate reason.

My legal practice for clients is 100% patent and trademark prosecution before the United States Patent & Trademark Office.

The State Bar of Texas lacks jurisdiction to impose discipline for misconduct that occurred prior to licensing me as an attorney and more than four years prior to filing complaint.

A common law right of access continues to exist in records of those public entities not governed by the Open Records Act and provisions where there is a legitimate public interest,

especially where that interest is not outweighed by other interests. The public has a legitimate interest in the administration of the disciplinary system for attorneys and judges. In particular, the public has a legitimate interest in whether different groups of attorneys, based on race, sex, or ethnicity, are disciplined and investigated differently or more frequently and whether any disparities in treatment are the result of the discriminatory process or other factors. *See Sander v. State Bar of California*, 58 Cal. 4th 300, 301 (Cal. 2013).  Access to court records is governed by long-standing common law principles. There is legitimate public interest and concern over whether the state of Texas has coerced a private actor to commit an act that would be unconstitutional if done by the state.

Specifically, with respect to my § 1983 claim, I allege that Angeline Bain and other named defendants knowingly and maliciously instigate claims of mental illness against female lawyer victims with the State Bar of Texas for the purpose of having the Board of Disciplinary Appeals order the destruction of their evidence so that they cannot continue to sue her clients who serially target, rape and sexually abuse female lawyers because they know they can get away with it by hiring lawyers who serve on district grievance committees and bribing others to influence to the Board of Disciplinary Appeals. Young female lawyers are at risk of irreparable harm and forced sex slavery.  I contend that named defendants engage in unconstitutional acts. I have plead facts which suggest that private actors are liable under the circumstances.

This Court might obtain pendant jurisdiction as recited in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) and codified in the removal statutes relating to joinder, etc., over state law claims of human trafficking and perhaps the question of whether I suffer from a disability to such an extent that I pose a threat of irreparable harm to clients and prospective clients in my

FEDERAL SEX TRAFFICKING COMPLAINT                              12

patent and trademark legal practice before the United States Patent & Trademark Office.

## STATEMENT OF FACTS

Leslie Ware is a sexual predator who abused his position as trustee on the Board of Trustees for SMU Dedman School of Law to hunt for women as his prey using their personal and confidential applications to law school, which includes their social security number, pictures, and personal statement, which is often a highly personal essay, and, in my case, revealed that I have serious daddy issues. My personal statement stated that I lived with my dad in high school, idolized him and went to law school instead of medical school to save my dad's heart. I invented a heart monitor in engineering school at Duke University to detect sudden death in advance for patients with Mitral Valve Prolapse with severe regurgitation, which would literally save my dad's life. I became frustrated with the patent system and FDA and decided to go to law school to become a patent attorney.

John Attanasio was the dean on or about 2010 or earlier who knew that Leslie Ware was a sexual predator and a "John" who paid for sex from numerous women, including law school students. I have text messages which support the fact that Leslie Ware pays to have sex with SMU law school students. Leslie Ware likely obtained law school applications from John Attanasio and/or through his Emergency Student Loan program which SMU provides to its students. Amy Abboud Ware and Leslie Ware provide small emergency student loans to SMU law school students of $1000, more or less.  Leslie Ware uses his loans to find women who need cash, loans them money, and then coerces them to have sex with him to earn the money to pay him back. Amy Abboud Ware likely uses her loans to find men who need cash, loans them money, and then coerces them to have sex with her to earn the money to pay her back.

John Attanasio was recently arrested for prostitution in February 2015 in an undercover sting, which supports that he also used law school applications to search for sexual prey and either learned to be a prostitute from Leslie Ware or at least they traded notes. At least John Attanasio's knowledge and actions and likely Leslie Ware's actions may be imputed to that of SMU itself and SMU Dedman School of Law.  I know that Leslie Ware obtained my application because he used to quote from it. He also told me that he obtains engineering student's scholastic information from a friend on the board of the engineering school at SMU. David C. Godbey serves on the board of SMU's engineering school and is Leslie Ware's friend who provides him with undergraduate information from students.   Leslie Ware likely asked David Godbey if I applied to SMU.

SMU, SMU Dedman School of Law and John Attanasio benefitted financially by participating in a venture involving trafficking of Chelsea Davis. David C. Godbey benefitted and benefits financially by participating in a venture involving trafficking of Chelsea Davis, for example, by causing me to continue to work without pay by forced labor through continued threatened abuse of law or legal process. David C. Godbey may thus be held liable for his participation for human trafficking.  SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey receive funds at least from SMU, which may include funds donated by Leslie Ware and Harlan Crow.

On or about Oct. 15, 2010, I was forced, by force, fraud or coercion, by fund manager Leslie D. Ware to engage in sexual conduct with a billionaire investor in the litigation finance fund that finances McKool Smith P.C.'s patent litigation, Harlan R. Crow.  Leslie D. Ware and Harlan R. Crow likely recorded sex tapes of me without my permission in order to edit the

videos to make me look like a child and sell the videos through a Denmark-based pornography company owned by Harlan Crow to its estimated 265,000 online subscribers. Harlan Crow likely also distributes actual child pornography.

On or about October 15, 2010, Leslie Ware instructed me to come meet him and Harlan Crow at the Mansion Bar in Dallas, Texas. At the meeting, Leslie Ware pushed down the bust and lifted up the hem of my dress for Harlan Crow to see and told Harlan Crow that I was his sex slave.  Leslie Ware paid me cash to engage in sexual conduct with Harlan Crow.  Leslie Ware planned it in advance.

Following the meeting, Harlan Crow sent me multiple emails as follows, some of which are attached hereto. Leslie Ware also forced me by force fraud or coercion to have sex with Harlan Crow on two occasions, once Harlan Crow picked me up in his car and drove me to a building in Deep Ellum, and the second time I met him at his office. On December 22, 2010, Harlan Crow stated, "I like your legs and your clothes off, let me know if you whant more, harder, more in you and and on you , travel and wiLder! Like a group fuck with private photos. I want more of you soon, let's stay in touch"; "Do you want to come by here and have a fuck while everybody is here, now?"; "I want to do us again soon, hope you got done tonight"; "I want you, nude."; "Or do you want to get fucked another time by the guy you are fucking now and have a fresh dick in you at around 10:00 am. I'd prefer we do it here now, my dick is hard and for you to come in quietly while everybody, including security, is here, get nude ,do it, would be fun. There are plenty of dicks around for you and plenty of pussy for me but this would be risky and erotic".

On January 6, 2011, Harlan Crow stated, "Can we fuck and travel and fuck soon? I want to fuck friday"; "Can we get together for a fuck soon and a plan a trip with multiple fucks with

me and maybe others then?"; "Tried to call you< got no response.would like to fuck you in and with abunch of ppppppeople soon."

On January 7, 2011, Harlan stated, "I think we can do some fun and wild things but I need to be in your cunt and in your mouth really soon";  "Will you respond to about when we can fuck and travel and fuck?"; "want you this weekend and to wild, horry are you thinking have your cunt licked nicely and to suck me?".

Harlan Crow invested in one or more ventures with Leslie Ware.  Each of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey participated in a venture that involves trafficking of Chelsea Davis. Each of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey invested in one or more ventures with Leslie Ware and/or Harlan Crow.  Leslie Ware and Harlan Crow knowingly owned, invested in, financed, controlled, supervised, or managed a prostitution enterprise that used two or more prostitutes, including Chelsea Davis and Leslie Ware, which is defined by Section 43.04 of the Texas Penal Code as Aggravated Promotion of Prostitution. Leslie Ware has paid other women to engage in sexual conduct with Leslie Ware and Harlan Crow. Leslie Ware knowingly trafficked me with the intent that I engage in forced labor or services. Each of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey know that Leslie Ware pays women for sex and knowing or in reckless disregard gave him students' law school applications and implemented his emergency student loan program without any question as to how the loans were paid off.

Samuel Baxter, my former boss at McKool Smith P.C., made a number of verbal threats

**FEDERAL SEX TRAFFICKING COMPLAINT**                    16

to me to force me to engage in sexual conduct with him and others. Beginning in 2010, just after I began working at McKool Smith P.C., Samuel Baxter made numerous threats to me of serious harm - threats to kill me, to have me raped by a judge who was HIV positive, to put me in jail, and to take away my law license - to force me into a controlling sexual relationship with Leslie Ware as a condition of my employment.   Since then, I have endured years of extreme sexual harassment and sadomasochistic sexual abuse. Leslie Ware and Samuel Baxter, through various entities, employed me, controlled my business and finances and burdened me with obligations and expenses that I could not afford unless I continued to work for them and have sex with them.

Leslie Ware threatened me that if his wife, Amy Abboud Ware, ever learned of our sexual conduct, she would have me kidnapped and raped by several men, including a final rapist who was HIV positive. Leslie Ware always kept a gun on a table in his office in plain sight for me to see while we engaged in sexual conduct in his office. On at least one occasion, Leslie Ware exhibited an AR-15 assault rifle in a large gun case beside his desk. Leslie Ware also exhibited a gun in the glove compartment of his truck.

Leslie Ware paid me hundreds and thousands of dollars to engage in sexual conduct with him and with his male friends on multiple occasions including William Carmody and Harlan Crow.   When I refused certain penetrations, such as abusive deep throat penetrations which gagged and suffocated me and anal penetration without lubricant which caused bleeding and permanent rectal damage, Leslie Ware made me accept the penetration even though I expressed pain. Leslie Ware forced me to drink his urine and eat feces. He strangled me and suffocated me.

 McKool Smith assigned me to the office facing Leslie Ware's office so that Leslie Ware could stare at me through my office window every day. Samuel Baxter instructed me to answer

Leslie Ware's phone calls and do as he instructed, which included phone sex and stripping for him in my office. Samuel Baxter instructed me to drop my work on a moment's notice to have sex with Leslie Ware in his office. Leslie Ware likely filmed and distributed video recordings of us having sex in his office without my consent.

After Leslie Ware told Amy Abboud Ware about our sexual relationship and where I lived just a few blocks from her where Leslie Ware paid a portion of my rent, I became terrified of being raped or harmed at my home.  On January 28, 2013, Amy Abboud Ware called me in the middle of the night multiple times including at 4:12am and at 4:15am. She said she wished I was a better whore, like her husband's other whores, and she threatened to kill me.  In April 2013, I moved out of town to the country. After I refused Leslie Ware's million dollar alleged settlement offer, which I knew was a trap, Leslie Ware falsely accused me of stalking him (although he never signed any affidavit to that effect), and I was arrested and held in Dallas County jail without probable cause for seventy-five days without bond (after paying $11,500 in bond, which was blatantly excessive and I seek a refund).  Again, when I refused to settle, Samuel Baxter and Leslie Ware continued to threaten me that I would be arrested, wrongfully detained in jail and would lose my law license.  After I filed suit in the Eastern District of Texas against Samuel Baxter, McKool Smith P.C. filed a bogus grievance against my law license with the State Bar of Texas, and, instead of dismissing the grievance for lack of standing, certain persons, including Angeline Bain, who is Leslie Ware and Samuel Baxter's attorney and also on the District Grievance Committee proceeded to "investigate" me without authorization or appointment from the Chief Disciplinary Counsel, causing judges and associate judges to sign various "orders" making false, outrageous allegations against me without any proof and without

conducting any discovery or holding any evidentiary hearings to further threaten me. They have even created fraudulent papers which purport to "order" me to go to Leslie Ware's sister's colleague for a mental health evaluation to be used by the Board of Disciplinary Appeals or an alleged District Disability Committee and to "order" me and various hospitals to destroy all of evidence of assault and sexual assault and other injuries I have suffered. The papers appear to have a scribble above a signature line, and the text below the line reads "CHAIRMAN," which is not sufficient to bypass state and federal laws which guard against unauthorized disclosures and takings. Now, there appears to be an order of capias for my arrest again to arrest me and hold me without bond indefinitely for failure to appear when I had no duty to appear in some ridiculous matter of a divorce between myself and Leslie Ware and Samuel Baxter (as if I could be married to those two men) and alleged contempt of a child support order even though there is no such order and I do not have any children. I was forced to pay $2500 as if I owed child support the last time I was arrested in October 2014, which is an unlawful taking. This is blatant harassment by the State Bar of Texas or those purporting to act on its behalf or on behalf of the Supreme Court of Texas and by those with knowledge seeking to protect persons and entities from liability for numerous counts of prostitution and for human trafficking.

## CLAIMS

### *1.   Human Trafficking Under Federal Law - Forced Labor*

1.   Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey participated in a venture which engaged in the forced labor of Chelsea Davis in violation of federal law. Chelsea Davis may bring this action against SMU, SMU Dedman School of Law

and John Attanasio who failed to protect Chelsea Davis as a victim of domestic violence in accordance with her Constitutional right to protection under  under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A, SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey is liable to Chelsea Davis because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey participated in a venture which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States

Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of sex trafficking in violation of 18 U.S.C. § 1591, which states, "(a) Whoever knowingly—(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." *Id.* Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish each of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey for his/its wrongful conduct.

Chelsea Davis seeks a judgment for monetary damages and an order of restitution for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.) or at my hourly billable rate as an attorney, and all payments and donations from Leslie Ware and Harlan Crow since 2010 when they began trafficking me for forced labor and services

using information in my application to SMU Dedman School of Law, and all monies paid

directly or indirectly from Leslie Ware, Harlan Crow, SMU, and SMU Dedman School of Law

to John Attanasio and David C. Godbey, exemplary damages and attorney fees.

**2.**      ***Human Trafficking Under Federal Law - Sex***

2.      Each of the foregoing and following paragraphs (except defenses) is incorporated herein

by reference. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey

participated in a venture which engaged in the sex trafficking of Chelsea Davis in violation of

federal law. Chelsea Davis may bring this action against SMU, SMU Dedman School of Law,

John Attanasio and David C. Godbey who failed to protect Chelsea Davis as a victim of

domestic violence in accordance with her Constitutional right to protection and under 18 U.S.C.

§ 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring

a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving

anything of value from participation in a venture which that person knew or should have known

has engaged in an act in violation of this chapter) in an appropriate district court of the United

States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A,

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey is liable to Chelsea

Davis because "[w]hoever knowingly benefits, financially or by receiving anything of value,

from participation in a venture which has engaged in any act in violation of section 1581(a),

1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in

such violation" is liable. SMU, SMU Dedman School of Law, John Attanasio and David C.

Godbey knowingly benefited, financially or by receiving anything of value, from participation in

a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a),

knowing or in reckless disregard of the fact that the venture has engaged in such violation. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey participated in a venture which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of sex trafficking in violation of 18 U.S.C. § 1591, which states, "(a) Whoever knowingly—(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." *Id.* Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish each of named defendants for

his wrongful conduct.

Chelsea Davis seeks a judgment for monetary damages and an order of restitution for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.) or at my hourly billable rate as an attorney and all payments and donations from Leslie Ware and Harlan Crow since 2010 when they began trafficking me for sex using information in my application to SMU Dedman School of Law, and all monies paid directly or indirectly from Leslie Ware, Harlan Crow, SMU, and SMU Dedman School of Law to John Attanasio and David C. Godbey, exemplary damages and attorney fees.

## DAMAGES FOR CHELSEA DAVIS

Under Tex. Civ. Prac. & Rem. Code Sec. 98.003(a), "(a)  A claimant who prevails in a suit under this chapter shall be awarded: (1)  actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown; (2)  court costs; and (3) reasonable attorney's fees." *Id.* Under Tex. Civ. Prac. & Rem. Code Sec. 98.003(b), "(b)  In addition to an award under Subsection (a), a claimant who prevails in a suit under this chapter may recover exemplary damages." *Id.*

Each of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey's actions directly and proximately caused me, Chelsea Davis, to suffer loss of past and future earnings.  I seek special damages to compensate me for a loss of future earnings in an amount of $10,000,000.  I also seek (1)  actual damages; (2)  court costs; (3)  reasonable attorney's fees and

(4) exemplary damages.  For purposes of Rule 47(c-d) of the Texas Rules of Civil Procedure, I seek monetary relief up to and over $1,000,000, and I demand judgment for all the other relief to which I deem myself entitled.

I seek punitive and exemplary damages.  Chapter 98 of the Civil Practices and Remedies Code, effective June 19, 2009, provides exemplary damages to a victim of human trafficking. *See* Tex. Civ. Prac. & Rem. Code § 98.003(b) (added by Acts 2009, 81st Leg., R.S., ch. 309); *see also* Tex. Civ. Prac. & Rem. Code § 41.008(c) (stating that limitations on exemplary damages are inapplicable to defendants committing specified felonies, including trafficking of persons under Chapter 20A of the Texas Penal Code).  This statutory basis for recovery is an additional remedy available to a victim of human trafficking and does not displace any other common law or statutory remedy.  *See* Tex. Civ. Prac. & Rem. Code § 98.004 (added by Acts 2009, 81st Leg., R.S., ch. 309).

For purposes of an award of exemplary damages based on malice, the wrongful acts of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey were done maliciously, oppressively, and with the intent to harm me.  I am therefore entitled to punitive and exemplary damages.

I demand judgment against SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey for money in an amount which may be based on each of their net worths and which is sufficient to punish SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey for his/its wrongful conduct up to and in excess of $1,000,000.  I move for summary judgment on liability and on damages in an amount of $100,000,000 against SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey.  Under Tex. Civ. Prac. & Rem.

Code Sec. 98.006, "[t]his chapter shall be liberally construed and applied to promote its underlying purpose to protect persons from human trafficking and provide adequate remedies to victims of human trafficking." *Id.*

## PRAYER

I, Chelsea Davis, pray for leave to exceed page limits, file documents, extensions of time and that: SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey be cited to appear in person, to give testimony and to produce documents, and to specifically answer this petition individually, judgment be entered for Chelsea Davis against SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey for an award of monetary damages, actual, punitive, and exemplary damages, etc., for liability for trafficking of persons, Chelsea Davis be awarded judgment in a monetary amount of damages sufficient to punish SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey for his wrongful conduct up to $1,000,000 and over $1,000,000, Chelsea Davis be awarded pre-judgment interest at the maximum rate allowable by law, Chelsea Davis be awarded a judgment for reasonable attorney fees, Chelsea Davis be awarded a judgment for all costs of court incurred by Chelsea Davis, including clerk fees and service fees, court reporter fees, and other costs permitted by law, Chelsea Davis be granted judgment for post-judgment interest until the total amount of judgment is paid, and Chelsea Davis demands judgment for all the other relief to which Chelsea Davis deems herself entitled.

I reserve my right to move for this Court to relinquish jurisdiction of the action; to consent that jurisdiction be taken by the Supreme Court of the State of Texas; and to instruct the clerk to transfer to the said Supreme Court all of the papers filed herein (except that I do not

consent and object at least to conflicts of interest).   The Supreme Court of Texas has already allegedly entered a fraudulent state court "Vexatious Litigant Order" even though I am not a vexatious litigant and David C. Godbey has threatened to issue an order prohibiting me from filing any documents in the United States District Court for the Northern District of Texas without cause, which would constitute an abuse of power and discretion, because where there is a right, there is a remedy, I have a right, this Court is duty-bound by the Constitution to provide me with a remedy and a forum for justice, especially where the state courts refuse and have cut off all ability for me to appeal or petition for anything and continue to threaten to put me in jail again without cause and order the destruction of my evidence, which is my property. I have pictures, emails, texts, nude photographs and recorded phone calls in support of the ventures which engaged in the unlawful trafficking of myself, and I seek to introduce all evidence herein for the limited purpose of proving the various ventures engaged in an act in violation of Chapter 77 of Title 18 of the United States Code.

## DEMAND FOR JURY TRIAL

Chelsea Davis demands a jury trial.


Feb. 10, 2015                                   Respectfully submitted,


                                                /s/Chelsea L. Davis
                                                Chelsea L. Davis, *pro-se*
                                                TX BAR NO. 24059652
                                                25 Highland Park Vlg., Ste. 100-830
                                                Dallas, TX 75205
                                                Telephone:  (469) 426-5850
                                                Facsimile: (469) 533-0466
                                                cdavis@chelseadavispc.com


**FEDERAL SEX TRAFFICKING COMPLAINT**                    27

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically, sent concurrently to counsel of "record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a.  I hereby certify that I have served this instrument on all counsel and/or pro se parties of record electronically by email, by overnight mail and/or by facsimile, or, as a pro-se party, on the date it is electronically docketed in the entity/court's CM/ECF filing system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

Dated: Feb. 11, 2015                              /s/Chelsea L. Davis
                                                           Chelsea L. Davis, *pro-se*


## CERTIFICATE OF ATTORNEY

I certify that all facts alleged herein are true and correct.

Dated:  Feb. 11, 2015                             /s/Chelsea L. Davis
                                                           Chelsea L. Davis, *pro-se*

**FEDERAL SEX TRAFFICKING COMPLAINT**                    28

 TANGERINE™

Thomas Land Rodrvia@crolsseusoviopo.com>

## Re: 5:30pm?

1 message

**Harlan Crow** <HCrow@crowholdings.com>                           Wed, Dec 22, 2010 at 10:27 PM
To: "texaspatent@gmail.com" <texaspatent@gmail.com>

I like your legs and your clothes off, let me know if you whant more, harder, more in you and and on you , travel
and wiLder! Like a group fuck with private photos. I want more of you soon, let's stay in touch
-----Original Message-----
To: TexasPatent
Subject: Re: 5:30pm?
Sent: Dec 22, 2010 1:43 AM

Do you want to come by here and have a fuck while everybody is here, now?

-----Original Message-----
From: TexasPatent
To: Harlan Crow
Subject: 5:30pm?
Sent: Dec 20, 2010 4:35 PM

Harlan, will you be available around 5:30pm?

Thanks!


=======
E-MAIL CONFIDENTIALITY
=======

This message is for the intended recipient only. It may contain confidential, proprietary or protected information. If
you are not the intended recipient of this message, you are prohibited from reviewing, disclosing, printing,
copying or disseminating this message. If you receive this message in error, please immediately notify the
sender by return e-mail, delete the message from your system and destroy all copies. Unauthorized interception
of this e-mail is
prohibited. Email transmission cannot be guaranteed to be secure or error-free. Therefore, we do not represent
that this information is complete or accurate and it should not be relied upon as such. All information is subject
to change without notice. Please virus check all emails and attachments to prevent widespread contamination
and corruption of files and operating systems.

By sending this e-mail, the sender does not consent to conduct any transactions that may be the subject of this
e-mail by electronic means. Any consent must be separately and expressly obtained in writing from an
authorized representative of Crow Holdings. Any views expressed in this message are those of the individual
sender, except where the message states otherwise. Please be aware that we may monitor all e-mail
communication through our networks.

IRS Circular 230 Required Notice: To ensure compliance with requirements imposed by the IRS, we inform you
that any U.S. tax advice contained in this communication (including any attachments) is not intended or written
to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.

**FEDERAL SEX TRAFFICKING COMPLAINT**                    29

 TANGERINE™

Chelsea Davis <cdavis@chelseadavispa.com>

## Re: 5:30pm?

1 message

**Harlan Crow** <HCrow@crowholdings.com>
To: "texaspatent@gmail.com" <texaspatent@gmail.com>

Wed, Dec 22, 2010 at 1:43 AM

Do you want to come by here and have a fuck while everybody is here, now?
——Original Message——
From: TexasPatent
To: Harlan Crow
Subject: 5:30pm?
Sent: Dec 20, 2010 4:35 PM

Harlan, will you be available around 5:30pm?

Thanks!

=======
E-MAIL CONFIDENTIALITY
=======

This message is for the intended recipient only. It may contain confidential, proprietary or protected information. If you are not the intended recipient of this message, you are prohibited from reviewing, disclosing, printing, copying or disseminating this message. If you receive this message in error, please immediately notify the sender by return e-mail, delete the message from your system and destroy all copies. Unauthorized interception of this e-mail is
prohibited. Email transmission cannot be guaranteed to be secure or error-free. Therefore, we do not represent that this information is complete or accurate and it should not be relied upon as such. All information is subject to change without notice. Please virus check all emails and attachments to prevent widespread contamination and corruption of files and operating systems.

By sending this e-mail, the sender does not consent to conduct any transactions that may be the subject of this e-mail by electronic means. Any consent must be separately and expressly obtained in writing from an authorized representative of Crow Holdings. Any views expressed in this message are those of the individual sender, except where the message states otherwise. Please be aware that we may monitor all e-mail communication through our networks.

IRS Circular 230 Required Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## FEDERAL SEX TRAFFICKING COMPLAINT                    30

 TANGERINE™                                    Charlene Lown  nolowle@crowholdings.com

## Re: 5:30pm?

· 4 mings

**Harlan Crow** <HCrow@crowholdings.com>                     Wed, Dec 22, 2010 at 1:55 AM
To: "texaspatent@gmail.com" <texaspatent@gmail.com>

Or do you want to get fucked another time by the guy you are fucking now and have a fresh dick in you at around
10:00 am. I'd prefer we do it here now, my dick is hard and for you to come in quietly while everybody, including
security, is here, get nude ,do it, would be fun. There are plenty of dicks around for you and plenty of pussy for
me but this would be risky and erotic

—— Original Message ——
From: Harlan Crow
Sent: Wednesday, December 22, 2010 01:43 AM
To: 'texaspatent@gmail.com' <texaspatent@gmail.com>
Subject: Re: 5:30pm?

Do you want to come by here and have a fuck while everybody is here, now?
——Original Message——
From: TexasPatent
To: Harlan Crow
Subject: 5:30pm?
Sent: Dec 20, 2010 4:35 PM

Harlan, will you be available around 5:30pm?

Thanks!


=======
E-MAIL CONFIDENTIALITY
=======

This message is for the intended recipient only. It may contain confidential, proprietary or protected information. If
you are not the intended recipient of this message, you are prohibited from reviewing, disclosing, printing,
copying or disseminating this message. If you receive this message in error, please immediately notify the
sender by return e-mail, delete the message from your system and destroy all copies. Unauthorized interception
of this e-mail is
prohibited. Email transmission cannot be guaranteed to be secure or error-free. Therefore, we do not represent
that this information is complete or accurate and it should not be relied upon as such.  All information is subject
to change without notice.  Please virus check all emails and attachments to prevent widespread contamination
and corruption of files and operating systems.

By sending this e-mail, the sender does not consent to conduct any transactions that may be the subject of this
e-mail by electronic means. Any consent must be separately and expressly obtained in writing from an
authorized representative of Crow Holdings. Any views expressed in this message are those of the individual
sender, except where the message states  otherwise.  Please be aware that we may monitor all e-mail
communication through our networks.

IRS Circular 230 Required Notice:  To ensure compliance with requirements imposed by the IRS, we inform you
that any U.S. tax advice contained in this communication (including any attachments) is not intended or written



TANGERINE™

Chelsea Davis <cedavis@chelsea-davisps.com>

## RE: Of course

1 message

**Harlan Crow** <HCrow@crowholdings.com>                                    Thu, Jan 6, 2011 at 9:33 PM
To: TexasPatent <texaspatent@gmail.com>

Tried to call you< got no response.would like to fuck you in and with abunch of pppppppeople soon

-----Original Message-----
From: TexasPatent [mailto:texaspatent@gmail.com]
Sent: Thursday, January 06, 2011 9:26 PM
To: Harlan Crow
Subject: Of course

Hi Mr. Night Owl!
I was home sick with a stomach flu on Tuesday and Wednesday, but I
should be well by tomorrow. I know I was still contagious last night.
Talk to you soon!

--
Sent from my mobile device

=======
E-MAIL CONFIDENTIALITY
=======

This message is for the intended recipient only. It may contain confidential, proprietary or protected information. If
you are not the intended recipient of this message, you are prohibited from reviewing, disclosing, printing,
copying or disseminating this message. If you receive this message in error, please immediately notify the
sender by return e-mail, delete the message from your system and destroy all copies. Unauthorized interception
of this e-mail is
prohibited. Email transmission cannot be guaranteed to be secure or error-free. Therefore, we do not represent
that this information is complete or accurate and it should not be relied upon as such. All information is subject
to change without notice. Please virus check all emails and attachments to prevent widespread contamination
and corruption of files and operating systems.

By sending this e-mail, the sender does not consent to conduct any transactions that may be the subject of this
e-mail by electronic means. Any consent must be separately and expressly obtained in writing from an
authorized representative of Crow Holdings. Any views expressed in this message are those of the individual
sender, except where the message states otherwise. Please be aware that we may monitor all e-mail
communication through our networks.

IRS Circular 230 Required Notice: To ensure compliance with requirements imposed by the IRS, we inform you
that any U.S. tax advice contained in this communication (including any attachments) is not intended or written
to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.

 TANGERINE™

## RE: Of course

Harlan Crow <HCrow@crowholdings.com>                                    Thu, Jan 6, 2011 at 9:45 PM
To: TexasPatent <texaspatent@gmail.com>

Can we fuck and travel and fuck soon? I want to fuck friday

-----Original Message-----
From: TexasPatent [mailto:texaspatent@gmail.com]
Sent: Thursday, January 06, 2011 9:26 PM
To: Harlan Crow
Subject: Of course

Hi Mr. Night Owl!
I was home sick with a stomach flu on Tuesday and Wednesday, but I
should be well by tomorrow. I know I was still contagious last night.
Talk to you soon!

–
Sent from my mobile device

=======
E-MAIL CONFIDENTIALITY
=======

This message is for the intended recipient only. It may contain confidential, proprietary or protected information. If
you are not the intended recipient of this message, you are prohibited from reviewing, disclosing, printing,
copying or disseminating this message. If you receive this message in error, please immediately notify the
sender by return e-mail, delete the message from your system and destroy all copies. Unauthorized interception
of this e-mail is
prohibited. Email transmission cannot be guaranteed to be secure or error-free. Therefore, we do not represent
that this information is complete or accurate and it should not be relied upon as such. All information is subject
to change without notice. Please virus check all emails and attachments to prevent widespread contamination
and corruption of files and operating systems.

By sending this e-mail, the sender does not consent to conduct any transactions that may be the subject of this
e-mail by electronic means. Any consent must be separately and expressly obtained in writing from an
authorized representative of Crow Holdings. Any views expressed in this message are those of the individual
sender, except where the message states otherwise. Please be aware that we may monitor all e-mail
communication through our networks.

IRS Circular 230 Required Notice: To ensure compliance with requirements imposed by the IRS, we inform you
that any U.S. tax advice contained in this communication (including any attachments) is not intended or written
to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter addressed herein.

**FEDERAL SEX TRAFFICKING COMPLAINT**                                        33